UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Adam Mentus

   v.                                                 Civil No. 12-cv-447-JD

Richard Gerry, Warden,
New Hampshire State Prison


**O R D E R**

Adam Mentus has filed a petition for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254. The petition is before the court for preliminary review to determine whether Mentus's claims are facially valid and cognizable in a § 2254 action for federal habeas relief. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Discussion**

I.   Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)). The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

II. Background

Mentus was convicted of manslaughter on October 9, 2009, after a jury trial, and sentenced to 10-20 years in prison on December 21, 2009. The New Hampshire Supreme Court ("NHSC") affirmed Mentus's conviction on December 14, 2011. See State v. Mentus, 162 N.H. 792, 794, 35 A.3d 572, 574 (2011). Mentus then filed this action, raising the following claims for relief[1]:

---

[1] While the claims are only briefly stated in the petition, the NHSC opinion affirming Mentus's conviction, and Mentus's appellate brief filed in that court support the reasonable inference that the claims, as stated in this order, are the claims Mentus raised in the NHSC and that he now seeks to raise in this action.

      1.   Mentus was denied the effective assistance of counsel, the right to a fair trial, the due process right to present a defense, and equal protection of the laws, in violation of the Fifth, Sixth, and Fourteenth Amendments, because he was indigent, and the trial court denied him sufficient funds to hire a qualified firearms expert who could have provided exculpatory testimony at Mentus's criminal trial; and

      2.   Mentus was denied his right to a fair trial, in violation of the Fifth and Fourteenth Amendments, when the trial court failed to sustain Mentus's objection to the prosecutor's closing argument that misstated the law, to Mentus's detriment.

III. Exhaustion

A person in custody pursuant to a judgment of the state court may seek a writ of habeas corpus on the grounds that he is incarcerated in violation of the federal constitution or other federal law. See 28 U.S.C. § 2254. Section 2254 requires that each federal claim for relief be exhausted in the state courts by presenting the federal claim to the state's highest court for consideration prior to the filing of a federal habeas action. See id. at § 2254(b)(1). The brief Mentus submitted in the NHSC demonstrates that the claims raised here, and the federal nature of those claims, were squarely presented to, and thus exhausted in, that court. See Brief for the Defendant at 14, 26-27, State v. Mentus, 162 N.H. 792, 35 A.3d 572 (2011) (No. 2010-0017), 2010 WL 9039208 at *14, *26-*27.

IV.   <u>Service</u>

The petition shall be served upon respondent Richard Gerry, Warden of the New Hampshire State Prison.  Respondent shall file an answer or other response to the allegations made therein.  <u>See</u> 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of the petition (doc. no. 1), and this order.

Respondent is directed to answer or to otherwise plead within thirty days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).  Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 16, 2013

cc:  Adam Mentus, pro se

LBM:jba